TOMIO B. NARITA (SBN 156576)
ROBIN M. BOWEN (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
tnarita@snllp.com
rbowen@snllp.com

Attorneys for Defendant
Unifund Assignee of Palisades Collection, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. PETERS,<br><br>Plaintiff,<br><br>vs.<br><br>UNIFUND ASSIGNEE OF PALISADES COLLECTION, LLC,<br><br>Defendant. | CASE NO. 08CV1141 WQH WMc<br><br>**ANSWER TO COMPLAINT** |

Defendant UNIFUND ASSIGNEE OF PALISADES COLLECTION, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff WILLIAMS P. PETERS ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. (the "FDCPA") are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant avers that the contents of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. (the "Rosenthal Act") are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Denied.

4. Defendant avers that no response to Paragraph 3 of the Complaint is required of it.

5. In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and that supplemental jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. Denied.

7. In answering Paragraph 7 of the Complaint, Defendant admits that it conducts interstate business with residents of the Southern District of California and that Plaintiff alleged that personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff alleges that venue in this judicial district is proper pursuant to 28 U.S.C. § 1391. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. In answering Paragraph 9 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a natural person who resides in the State of California. Defendant further admits that Plaintiff is obligated to pay a financial obligation. Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. In answering Paragraph 10 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a natural person. Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue qualifies as a "consumer debt" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f) nor whether Plaintiff qualifies as a "debtor" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(h) and on that basis, denies the allegations. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendant admits that it is a New York general partnership with its principal place of business located in Cincinnati, Ohio. Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendant admits that it uses the mail and instruments of interstate commerce to conduct its business. Defendant further admits that it has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue was incurred through a "consumer credit transaction" as defined by the Rosenthal Act, Cal. Civil Code § 1788.2(e) nor whether this action therefore arises from a "consumer debt" or "consumer credit" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f). Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 15 of the Complaint and on that basis, denies them.

16. In answering Paragraph 16 of the Complaint, Defendant admits that it conducts interstate business with residents of the State of California. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendant admits that Plaintiff incurred a financial obligation to Citibank before June 1, 2007. Defendant admits that this financial obligation is a "debt" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(d). Defendant lacks sufficient knowledge to for a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue qualifies as a "consumer debt" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f). Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 18 of the Complaint and on that basis, deny them.

19. In answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff failed to make the minimum monthly payments on his Citibank credit card account and that he defaulted on the account. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. In answering Paragraph 20 of the Complaint, Defendant admits that Plaintiff's financial obligation at issue was assigned to Defendant for collection. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21. In answering Paragraph 21 of the Complaint, Defendant admits that it has, at times, purchased defaulted accounts for which it has paid less than the total value of the amount owing on the account. Defendant further admits that it has, at times, filed lawsuits in an attempt to collect the financial obligations incurred on the accounts that it has purchased. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. Denied.

23. Denied.

24. In answering Paragraph 24 of the Complaint, Defendant admits that it filed a complaint against Plaintiff entitled *Unifund Assignee of Palisades Collection, LLC v. William P. Peters, et al.*, case number 7-2007-00067595-CL-CL-CTL in the Superior Court of California, County of San Diego (the "Underlying Action"), the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. In answering Paragraph 29 of the Complaint, Defendant admits that it caused a request for dismissal without prejudice of the Underlying Action to be filed

on or about June 12, 2008. Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30. Denied.

31. Denied.

32. Defendant incorporates by reference paragraphs 1 through 31 above, as if fully set forth herein.

33. Denied.

34. Denied.

35. Defendant incorporates by reference paragraphs 1 through 34 above, as if fully set forth herein.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

//

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

//

//

//

//

//

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

//

//

//

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Compulsory Counterclaim)**

All of the claims asserted by Plaintiff in the Complaint are barred as a matter of law because they are compulsory counterclaims which should have been, but were not, asserted by Plaintiff against Defendant in the Underlying Action between these parties. The claims are barred as a matter of law under controlling Ninth Circuit authority and pursuant to California law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Litigation Privilege)**

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: July 30, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
ROBIN M. BOWEN

By: /s/Robin M. Bowen

Robin M. Bowen
Attorneys for Defendant
Unifund Assignee of
Palisades Collection, LLC

**PROOF OF SERVICE**

I, Robin M. Bowen, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816. I am counsel of record for the defendant in this action.

On July 30, 2008, I caused the **ANSWER TO COMPLAINT** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Joshua Swigart
josh@westcoastlitigation.com
Counsel for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 30th day of July, 2008.

By: /s/Robin M. Bowen
Robin M. Bowen
Attorneys for Defendant
Unifund Assignee of
Palisades Collection, LLC